UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CETEWAYO FRAILS, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-10-1971 |
| | : |
| JON FISHER, | : (Judge Kosik) |
| | : |
| Respondent | : |

**<u>MEMORANDUM</u>**

Cetewayo Frails filed this habeas corpus action pursuant to 28 U.S.C. § 2254. He commenced the action <u>pro se</u>, but Teri B. Himebaugh, Esquire, subsequently entered an appearance and filed an amended habeas petition on his behalf. (Docs. 17, 19.) In the amended petition, Frails challenges his 1999 conviction on charges of 2nd Degree Murder, Robbery, Criminal Conspiracy and Aggravated Assault. On June 30, 2014, the court issued a Memorandum and Order denying the petition. (Docs. 31, 32.) Presently pending are Petitioner's <u>pro se</u> motion seeking reconsideration of the court's decision of June 30, 2014 (Doc. 33), and a motion for leave to withdraw as counsel in this case (Doc. 36). For the reasons that follow, the motion for leave to withdraw will be granted, and the motion for reconsideration will be denied.

**I.    Background**

A thorough procedural and factual history of this case is set forth in the Memorandum of June 30, 2014, and the court will assume the parties' familiarity with

the same and not repeat it herein. In his amended petition, Petitioner raised three grounds for relief. The first alleged prosecutorial misconduct by the Commonwealth in failing to disclose the existence of an agreement with a witness (Russman) related to her testimony against her co-defendants. In the second ground, Petitioner claimed an unfair jury panel in that it was unrepresentative of a fair cross-section of the community. In the third ground, he claimed abuse of discretion on the part of the trial court in excluding audiotape evidence. (Doc. 19, Am. Pet.)

In seeking reconsideration, Petitioner only challenges this court's ruling with respect to Ground 1 in his habeas petition, the prosecutorial misconduct/Brady claim.[1] In addressing this matter, the court found that Petitioner had procedurally defaulted his claim, and failed to show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. (Doc. 31 at 18-21.) Pursuant to 28 U.S.C. § 2254(b)(2), an application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. The court went on to address Petitioner's claim, and found it to be without merit.

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of good or bad faith of the prosecution." Id. at 87.

2

## II.     Motion to Withdraw as Counsel

Counsel for Petitioner has filed a motion seeking leave to withdraw in this action. (Doc. 36.)  In doing so, counsel informs the court that Petitioner wishes to proceed pro se in this matter, and to receive all future communications directly from the court.  The decision to grant an attorney's motion to withdraw is within the discretion of the court.  See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999); LaGrand v. Steward, 133 F.3d 1259, 1269 (9th Cir. 1998).  In light of counsel's representation, and the fact that Petitioner submitted his pending motion for reconsideration pro se, the court will grant counsel's request to withdraw.  The Clerk of Court will be directed to make the appropriate notation to the docket.

## III.    Motion for Reconsideration Standard

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co.,

52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## IV.  Discussion

In his motion, Petitioner devotes the majority of his time seeking reconsideration of the court's finding that he procedurally defaulted his Brady claim.  However, because the court went on to address his claim on the merits, he suffered no prejudice in the court's finding of procedural default in any event.[2]

---

[2] Even if the court had not addressed Petitioner's claim on the merits, the arguments he raises in seeking reconsideration of the court's finding of procedural default were previously raised and addressed by the court in ruling on his amended habeas petition.  A motion for reconsideration is not for the purpose of rearguing

In addition to challenging the court's finding of procedural default, Petitioner does raise challenges to the finding that his prosecutorial misconduct claim is without merit. Despite Petitioner's assertions that the court ". . . overlooked key portions of the record and misplaced clearly established Supreme Court precedent in denying [his] petition" (Doc. 33 at 1), the Memorandum of June 30, 2014 thoroughly addressed this issue following an in-depth review of the record, and in particular, the testimony offered at the PCRA hearings with regard to this issue. Russman's attorneys testified that there was never a discussion, agreement or deal with the prosecutors in exchange for favorable testimony on her part. While Petitioner may believe otherwise, and disagree with the state court's finding, such a decision is supported by the evidence in the record and not a valid basis for seeking reconsideration. For these reasons, the pending motion for reconsideration will be denied. An appropriate order follows.

---

points considered and rejected by the court.