# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CETEWAYO FRAILS, | : | |
| Petitioner | : | 3:10-CV-1971 |
| v. | : | (JUDGE MANNION) |
| JON FISHER, | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the court is petitioner Cetewayo Frails's *pro se* motion for relief of judgment pursuant Fed.R.Civ.P. 60(b) seeking to re-open his 2010 habeas corpus petition filed under 28 U.S.C. §2254. Frails, a state inmate incarcerated at the State Correctional Institution at Smithfield, is currently serving a life sentence, imposed in 1999 in the Court of Common Pleas of Carbon County, for robbery with the intent to inflict serious bodily injury, criminal conspiracy, aggravated assault, and second degree murder.[1] Upon the court's review of the record in this case, as well as Frails's motion, (Doc. 42), and the briefs of the parties, the motion is **DENIED**.[2]

---

[1] Frails's §2254 habeas corpus petition was denied on June 30, 2014 by the Honorable Edwin M. Kosik. This case was re-assigned to the undesigned on May 18, 2017.

[2] Since the complete relevant procedural and factual background of this case is discussed in Judge Kosik's memorandum denying Frails's habeas corpus petition, (Doc. 31, at 1-29), with citation to the record, it shall not be fully repeated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Over seven years ago, on September 21, 2010, Frails filed, *pro se*, a petition for a writ of habeas corpus pursuant to §2254 to challenge his Carbon County Court of Common Pleas conviction. (Doc. 1, Doc. 31, at 1). Frails filed his habeas petition during the pendency of his fourth PCRA petition in state court. This court stayed Frails's habeas petition while his PCRA petition was pending. (Doc. 31, at 8-9).

Frails filed a motion to re-open his habeas corpus proceedings on February 28, 2012, (Doc. 10), and the motion was granted on May 14, 2012, (Doc. 16). Frails then was permitted to file, through counsel, his amended habeas petition dated July 23, 2012. (Doc. 19). In his amended petition, Frails alleged that the Commonwealth engaged in prosecutorial misconduct and that his Sixth and Fourteenth Amendment rights were violated under Brady v. Maryland, 373 U.S. 83 (1963) because the Commonwealth failed to disclose exculpatory evidence, namely, a deal for a recommendation for leniency it had with a witness (Verna Russman) depending on how the witness testified in his trial. Furthermore, Frails alleged that his Sixth and Fourteenth Amendment rights were violated because the jury was not a fair cross-section of the community, and the trial court erred by excluding relevant and material audiotape evidence. (Doc. 31, at 9).

Finding no basis to grant habeas relief, the district court issued a thorough and well-reasoned Memorandum and an Order denying Frails's habeas petition on June 30, 2014. (Doc. 31, Doc. 32). In its Order, the district

court also found that there was no basis for the issuance of a certificate of appealability ("COA"). Frails then filed a motion for reconsideration of the Order, (Doc. 33), which was denied on February 12, 2015. (Doc. 38).

On March 11, 2015, Frails filed a notice of appeal with Third Circuit seeking permission to file an appeal regarding the district court's February 12, 2015 Order. (Doc. 39). The Third Circuit issued an Order on September 3, 2015, denying Frails's request for issuance of a COA under 28 U.S.C. §2253(c)(1) to appeal the denial of his §2254 habeas petition. (Doc. 41).

On May 17, 2017 Frails filed, *pro se,* a motion for relief of judgment pursuant Fed.R.Civ.P. 60(b) seeking to re-open the judgment denying his §2254 petition. (Doc. 42).

On May 31, 2017, the Respondent filed a brief in opposition to Frails's Rule 60(b) motion. (Doc. 43). Respondent asserts the one year time limit of appeal under Fed.R.Civ.P.60(b)(1-3) bars the reopening of this case, and states that "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." ((Doc. 43, at 3) (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)). Respondent also asserts that Frails engages in pure speculation in raising Judge Kosik's alleged mental condition. Finally, Respondent also points out that the state court determinations regarding the claims Frails raised in his habeas petition are to be taken as correct unless shown otherwise by clear and convincing evidence to the contrary, and that Frails failed to offer any such evidence.

On June 13, 2017, Frails filed a reply brief in support of his motion. (Doc.

44). Frails again contends that his case should be reopened due to extraordinary circumstances. Frails states that Judge Kosik overlooked the state court record that supported the idea that there was a possible pre-trial deal depending on how Russman testified during his trial. Further, Frails claims that the Commonwealth allowed perjured testimony and withheld information that it offered a deal to Russman depending on her testimony.

On October 5, 2017, Frails filed a letter to the court in support of his motion. (Doc. 45). Frails repeats that he seeks reopening of his first habeas corpus petition "based on circumstances beyond all parties control- former Judge Kosik's deteriorating mental condition interfering with a comprehensive review of his first habeas corpus petition." (Id. at 1). Frails also contends that his Rule 60(b) motion should be granted based on a recent Third Circuit decision, namely, Haskell v. Superintendent Greene SCI, 866 F.3d 139 (3d Cir. 2017).

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Moving pursuant to Fed.R.Civ.P. 60(b), Frails requests this court to re-open his original §2254 habeas petition claiming that Judge Kosik was biased against him, that the judge incorrectly decided the merits of his claims, and that the judge may have somehow been impaired when he ruled on his petition. Frails contends that these are grounds entitling him to Rule 60(b) relief. In considering Frails's motion, "any time a district court enters a judgment, ... , it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (alterations and internal quotation marks omitted). A motion brought under Fed.R.Civ.P. 60(b) "is directed to the sound discretion of the trial court." Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988); Williams v. City of Erie Police Dept., 639 Fed.Appx. 895 (3d Cir. 2016).

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d

5

919, 930 (3d Cir. 1991). "One who seeks such extraordinary relief . . . bears a heavy burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967).

Insofar as Frails is relying upon Rule 60(b)(2), which allows a party to seek relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," he is well beyond the one year time limit. Moolenaar v. Gov't. of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Judge Kosik denied Frails's habeas petition on June 30, 2014, and Frails filed his motion for relief of judgment pursuant to Fed.R.Civ.P. 60(b) on May 17, 2017, nearly three years later.

Moreover, to the extent that Frails relies upon Fed.R.Civ.P. 60(b)(6) in support of his motion, even though such a motion "is not subject to the one-year limitation for seeking relief", "a Rule 60(b)(6) motion must be filed within a 'reasonable time.'" Williams, 639 Fed.Appx. at 898. Here, Frails's instant motion was not filed within a "reasonable time" and like in the *Williams* case, an "extraordinary amount of time had passed since his [§2254 petition was denied]." Id. (citing Moolenaar, 822 F.2d 1348 (3d Cir. 1987) ("holding that a Rule 60(b)(6) motion brought 'almost two years' after the judgment was entered was not brought within a reasonable time")).

Further, a "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."

6

Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present to justify relief under Fed.R.Civ.P. 60(b)(6). Bohus v. Beloff, 950 F.2d at 930.

The grounds raised by Frails with respect to Judge Kosik are based on groundless speculation and supposition without any factual or evidentiary basis. In fact, he has offered no evidence as to Judge Kosik's alleged mental condition when he issued his Memorandum and Order on June 30, 2014 denying Frails's §2254 petition. Nor has Frails met his heavy burden by showing extraordinary circumstances regarding any of his present claims.

Furthermore, Frails sought to appeal Judge Kosik's decision and he petitioned the Third Circuit for a COA under 28 U.S.C. §2253(c)(1)(A). The Third Circuit denied Frails's request for a COA relying on Slack v. McDaniel, 529 U.S. 473, 484 (2000). (Doc. 41). In Slack, 529 U.S. at 484, the Supreme Court held that when a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. In this case, the Third Circuit stated that "[j]urists of reason would not debate the District Court's conclusion that the petition is meritless." (Id.). The Third Circuit

also briefly addressed Frails's habeas claims and noted that "the mere hope or expectation that a prosecutor will give leniency to a witness is not the kind of agreement or understanding that a prosecutor must disclose to comply with the Fourteenth Amendment's Due Process Clause." (Id.) (citations omitted). The Third Circuit also noted that the jury venire in Frails's trial "was not composed through a process that denied Frails his Sixth Amendment right to an impartial jury." (Id.) (citation omitted). Finally, the Court noted that "the exclusion of the audiotape evidence on state-law grounds was not a federal constitutional issue," and did not violate Frails's due process rights because the evidence was "too marginal." (Id.) (citation omitted).

Insofar as Frails now tries to re-litigate his habeas claims in his instant Rule 60(b) motion, (Doc. 42), as well as in his letter relying on the *Haskell* case,³ (Doc. 45), and, he seeks to collaterally attack his underlying state court conviction, (*see* Doc. 44), his attempt fails since his motion is treated as a successive habeas petition and his request for a COA to appeal Judge

---

³In *Haskell*, petitioner Haskell "filed a [§2254] habeas petition challenging his conviction as tainted by perjured testimony in violation of his Fourteenth Amendment right to due process." 866 F.3d at 141. The district court denied the petition and, on appeal, the Third Circuit reversed and granted the petition. The Third Circuit found that there was reasonable likelihood that a witness called by the Commonwealth at Haskell's trial who gave perjured testimony, namely, that she expected nothing in return from the Commonwealth in exchange for her testimony despite that fact that she and the prosecutor knew she expected assistance in her criminal matters for her testimony, could have affected the jury's verdict finding Haskell guilty of first degree murder.

Kosik's decision denying his habeas petition was denied by the Third Circuit. *See* Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (The Third Circuit held that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."). The court finds that Frails is mainly trying to re-litigate issues that Judge Kosik had already considered and found to be without merit when he ruled on Frails's habeas petition. In particular Frails challenges Judge Kosik's decision finding no merit to his *Brady* claim. (Doc. 31, at 21-23). Judge Kosik also considered the merits of Frails's claim regarding his jury panel as well as his claim that the state court improperly excluded the audiotape evidence at his trial. (Id., at 23-29). Since a successful outcome on these claims by Frails would result in a reversal of his state court conviction, [t]he proper forum to raise these claims is in a habeas proceeding." Id.

In his letter, (Doc. 45 at 2), Frails states that similar to the *Haskell* case, "[his] conviction rested on the sole testimony of a 'crack addict' who had a deal in place for leniency and the District Attorney of Carbon County [ ] suppressed it from the defense in violation of Giglio v. United States, 405 U.S. 130, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)." This demonstrates that Frails is not challenging the manner in which his earlier habeas judgment was

9

procured and is only attacking the validity of his underlying conviction, namely, by asserting an attack based on the *Haskell* case. As such, this court cannot grant the relief Frails seeks in his Rule 60(b) motion absent permission from the Third Circuit to file a successive habeas petition. *See* Pridgen, 380 F.3d at 727; Perrego v. Gilmore, 2017 WL 914250, *3 (M.D.Pa. March 8, 2017), appeal pending, (Court held that "petitioner's [Rule 60(b) motion seeks vindication of previously filed claims [in petitioner's §2254 habeas petition], and therefore, is actually a successive habeas petition, which may not be filed absent the approval of the Court of Appeals.") (citation omitted). Any second or successive §2254 petition Frails seeks to file must be certified by the court of appeal pursuant to 28 U.S.C. §2244.

Finally, Frails offers no evidence regarding Judge Kosik's mental condition in 2014, when his decision was issued. Rather, Frails merely cites to a recent newspaper story about a 2017 accident involving Judge Kosik without offering a scintilla of evidence that this is related to Judge Kosik's 2014 ruling on Frails's petition. (Doc. 42, Ex. A).[4]

Based on the foregoing, the court finds that Frails has failed to demonstrate the extraordinary circumstances necessary to support the reopening of his habeas proceedings pursuant to Rule 60(b).

---

[4] In fact having worked closely with Judge Kosik for many years, including the years noted in Frails's motion, the undersigned can say simply beyond any doubt that Frails's allegations are simply frivolous.

### III. CONCLUSION

Accordingly, Frails's motion for relief of judgment pursuant Fed.R.Civ.P. 60(b) seeking to re-open his habeas petition under 28 U.S.C. §2254, (Doc. 42), is **DENIED IN ITS ENTIRETY**. Since the court denies Frails's Rule 60(b) motion, his request for an evidentiary hearing is **DENIED AS MOOT**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 13, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2010 MEMORANDA\10-1971-01.wpd